OPINION
{¶ 1} Defendant-appellant Norman D. Vorhees ("Vorhees") brings this appeal from the judgment of the Court of Common Pleas of Allen County.
 {¶ 2} In August 2004, two all terrain vehicles and a trailer were stolen from Lake Power Sports in Russells Point. The retail value of these items was $12,498.00. One of the all terrain vehicles and the trailer were recovered and returned to Lake Power Sports. On May 12, 2005, Vorhees was indicted for two counts of receiving stolen property. The matter was tried to a jury on August 15, 2005. The jury returned verdicts of guilty on each count. On August 24, 2005, a sentencing hearing was held. The trial court ordered Vorhees to serve a total of 18 months in prison and to pay restitution in the amount of $12,498. The order was journalized on August 25, 2005. Vorhees appeals from this judgment and raises the following assignment of error.
The trial court committed an error of law in determining theamount of restitution.
 {¶ 3} When addressing the assignment of error, this court notes that the State concurs with Vorhees assignment of error that the trial court erred in determining the amount of restitution. The imposition of restitution is controlled by R.C.2929.18 which provides as follows.
Restitution by the offender to the victim of the offender'scrime or any survivor of the victim, in an amount based on thevictim's economic loss.
 {¶ 4} R.C. 2929.18(A)(1). Here, as agreed by both Vorhees and the State, the trial court ordered restitution for the full amount of property stolen without regard to that recovered. Although the recovered property may have diminished in value, it is not without value. Since the victim did not suffer an economic loss of the full value, restitution can only be ordered for the economic loss suffered. Thus, the trial court erred in imposing restitution in the amount of $12,498. The assignment of error is sustained.
 {¶ 5} The judgment of the Court of Common Pleas of Allen County is reversed and the matter remanded for further proceedings.
Judgment reversed and cause remanded.
 Cupp and Shaw, JJ., concur.